# UNITED STATES BANKRUPTCY COURT

## WESTERN DISTRICT OF MICHIGAN

In re:

**GEORGE D. HOLMES,**

      **Debtor.**

_____/

**QUALITY AIR HEATING & COOLING, INC.,**

      **Plaintiff,**

**v**

**GEORGE D. HOLMES,**

      **Defendant.**

Case No. 14-04833-jwb
Chapter 7
Hon. James W. Boyd
U.S. Bankruptcy Judge

Adversary Proceeding No.

| | |
|---|---|
| Daniel J. Slotsema   P-32486<br>VERSPOOR, WAALKES, LALLEY<br>SLOTSEMA & TALEN, P.C.<br>Attorneys for Plaintiff<br>40 Pearl St. NW, Suite 1020<br>Grand Rapids, MI  49503-3033<br>616-459-6100 | Michael D. Almassian (P61478)<br>KELLER & ALMASSIAN, PLC<br>Attorneys for Defendant<br>2810 East Beltline Avenue NE<br>Grand Rapids, MI 49525<br>(616) 364-2100 |

## DEFENDANT GEORGE D. HOLMES' ANSWER TO PLAINTIFF'S COMPLAINT TO DETERMINE DISCHARGEABILITY OFINDEBTEDNESS PURSUANT TO U.S.C. 11 §523 (a)(4)

Defendant, George D. Holmes, by and through his attorneys, KELLER & ALMASSIAN, PLC, in ANSWER to Plaintiff's Complaint states as follows:

## PARTIES AND JURISDICTION

1.     Quality Air is a Michigan corporation with its principal place of business located in Kent County, Michigan.

**ANSWER: Admitted.**

2.      Defendant George D. Holmes is an individual who resides in Allegan County, Michigan and is the debtor in case No. 14-04833.

**ANSWER: Admitted.**

3.      This adversary proceeding is brought pursuant to 11 U.S.C. §523 (a)(4) of the Bankruptcy Code in connection with Defendant's pending Chapter 7 bankruptcy case.

**ANSWER: Admitted.**

4.      This court has jurisdiction over this proceeding pursuant to 28 U.S.C. §134. This matter is a core proceeding within the meaning of 28 U.S.C. §157.

**ANSWER: Admitted.**

## COMMON ALLEGATIONS

5.      Quality Air provided HVAC labor and materials to all the construction projects in Counts I, II, III, IV, V, and VI ("construction projects") at the request and pursuant to a contract with Lamar Construction Company (Lamar).

**ANSWER: Neither admitted nor denied on the basis that Defendant does not have sufficient knowledge or information to form a conclusion regarding the validity of this statement.**

6.      Lamar was the general contractor on the construction projects.

**ANSWER: Admitted.**

2

7.    Lamar filed a voluntary Chapter 7 bankruptcy case on July 11, 2014.

**ANSWER: Admitted.**

8.    Defendant is an insider within the meaning of 11 U.S.C. §101(31). Defendant was an officer, director, and owner of Lamar.

**ANSWER: Paragraph 8 states a legal conclusion and Defendant neither admits nor denies the allegations on the basis that Defendant does not have sufficient knowledge or information to form a conclusion regarding the validity of this statement.**

9.    Defendant together with his partner Carl Blauwkamp, controlled the financial affairs of Lamar and specifically decided which creditors of Lamar would be paid from any amounts received by Lamar, including from owners who hired Lamar to provide construction labor and/or materials to the construction projects aforementioned.

**ANSWER: Denied.**

## COUNT I – HARBOR VILLAGE AT HARBOR SHORES

10.    Quality Air realleges and incorporates by reference the allegations contained in paragraph 1 through 9 above.

**ANSWER: Defendant reaffirms its ANSWERS to the above preceding allegations in Paragraphs 1-9.**

11.      Quality Air provided HVAC labor and materials to Lamar for the construction project known as Harbor Village at Harbor Shores located in Berrien County, Michigan.

**ANSWER: Neither admitted nor denied on the basis that Defendant does not have sufficient knowledge or information to form a conclusion regarding the validity of this statement.**

12.      Lamar has received payment for the Harbor Village at Harbor Shores project from the owner.

**ANSWER: Neither admitted nor denied on the basis that Defendant does not have sufficient knowledge or information to form a conclusion regarding the validity of this statement.**

13.      In spite of repeated demands for payment in the amount of $474,786.80 and recording a claim of lien, Quality Air has not been paid the full amount due and owing to it for the HVAC labor and materials provided for the Harbor Village at Harbor Shores project.

**ANSWER: Neither admitted nor denied on the basis that Defendant does not have sufficient knowledge or information to form a conclusion regarding the validity of this statement.**

14.      Quality Air and George D. Holmes are each persons within the meaning of the Michigan Builders Trust Fund Act as stated in  MCL 570.151 et seq.; MS 26.331 et seq.

**ANSWER: Paragraph 8 states a legal conclusion and Defendant neither admits nor denies the allegations on the basis that Defendant does not have sufficient knowledge or information to form a conclusion regarding the validity of this statement.**

15.     Quality Air is a party intended to be protected under the Michigan Builders Trust Fund Act within the meaning of that statute.

**ANSWER: Neither admitted nor denied on the basis that Defendant does not have sufficient knowledge or information to form a conclusion regarding the validity of this statement.**

16.     The payment received by Lamar on the Harbor Village at Harbor Shores project was imposed with a trust, pursuant to the Michigan Builders Trust Fund Act, for the benefit of Quality Air.

**ANSWER: Neither admitted nor denied on the basis that Defendant does not have sufficient knowledge or information to form a conclusion regarding the validity of this statement.**

17.     Defendant was an owner, officer and director of Lamar and was the individual in ultimate charge of the financial affairs of Lamar and as such was the individual responsible for insuring that the amounts paid to Lamar for the benefit of subcontractors such as Quality Air were paid to those subcontractors.

**ANSWER: Admitted that Defendant was an owner, officer and director of Lamar. However, Defendant denies the remainder of the statements in this claim on the basis that the statements are untrue.**

18.    Defendant was a trustee of the money received for the HVAC labor and materials provided to the Harbor Village at Harbor Shores project.

**ANSWER: Denied.**

19.    As trustee, Defendant was required to protect Quality Air and to pay Quality Air out of any and all sums received on the Harbor Village at Harbor Shores project.

**ANSWER: Denied.**

20.    Defendant breached his fiduciary capacity by failing to pay Quality Air out of the sums received on the Harbor Village at Harbor Shores project.

**ANSWER: Denied.**

21.    Defendant, as trustee, retained or used the funds received on the Harbor Village at Harbor Shores project, or a part thereof, for purposes other than paying Quality Air.  This misappropriation of the trust funds is evidence of intent to defraud.

**ANSWER: Denied.**

22.    Defendant has failed to render an accounting of the funds received on the Harbor Village at Harbor Shores project.

**ANSWER: Denied.**

23.    Defendant's actions in violating the Michigan Builders Trust Fund Act make Quality Air's debt non-dischargeable under 28 U.S.C. 523 (a)(4).

**ANSWER: Denied.**

WHEREFORE, George Holmes requests that this Court enter a judgment in his favor and denying Plaintiff's requested relief.

## COUNT II – CHALLENGE MFG. COMPANY

24.    Quality Air realleges and incorporates by reference the allegations contained in paragraphs 1 through 9 above.

**ANSWER: Defendant reaffirms its ANSWERS to the above preceding allegations in Paragraphs 10-23.**

25.    Quality Air provided HVAC labor and materials to Lamar for the construction project known as Challenge Mfg. Company located in Kent County, Michigan.

**ANSWER: Neither admitted nor denied on the basis that Defendant does not have sufficient knowledge or information to form a conclusion regarding the validity of this statement.**

26.    Lamar has received payment for the Challenge Mfg. Company project from the owner.

**ANSWER: Neither admitted nor denied on the basis that Defendant does not have sufficient knowledge or information to form a conclusion regarding the validity of this statement.**

27.    In spite of repeated demands for payment in the amount of $79,725.10 and recording a claim of lien, Quality Air has not been paid the full amount due and owing to it for the HVAC labor and materials provided for the Challenge Mfg. Company project.

**ANSWER: Neither admitted nor denied on the basis that Defendant does not have sufficient knowledge or information to form a conclusion regarding the validity of this statement.**

28.    Quality Air and George D. Holmes are each persons within the meaning of the Michigan Builders Trust Fund Act as stated in MCL 570.151 et seq.; MSA 26.331 et seq.

**ANSWER: Paragraph 28 states a legal conclusion and Defendant neither admits nor denies the allegations on the basis that Defendant does not have sufficient knowledge or information to form a conclusion regarding the validity of this statement.**

29.    Quality Air is a party intended to be protected under the Michigan Builders Trust Fund Act within the meaning of the statute.

**ANSWER: Neither admitted nor denied on the basis that Defendant does not have sufficient knowledge or information to form a conclusion regarding the validity of this statement.**

30.    The payment received by Lamar on the Challenge Mfg. Company project was imposed with a trust, pursuant to the Michigan Builders Trust Fund Act, for the benefit of Quality Air.

**ANSWER: Neither admitted nor denied on the basis that Defendant does not have sufficient knowledge or information to form a conclusion regarding the validity of this statement.**

31.    Defendant was an owner, officer and Director of Lamar and was the individual in ultimate charge of the financial affairs of Lamar and as such was the individual responsible for insuring that the amounts paid to Lamar for the benefit of subcontractors such as Quality Air were paid to those subcontractors.

**ANSWER: Admitted that Defendant was an owner, officer and director of Lamar. However, Defendant denies the remainder of the statements in this claim on the basis that the statements are untrue.**

32.    Defendant was a trustee of the money received for the HVAC labor and materials provided to the Challenge Mfg. Company project.

**ANSWER: Denied.**

9

33.     As trustee, Defendant was required to protect Quality Air and to pay Quality Air out of any and all sums received on the Challenge Mfg. Company project.

**ANSWER: Denied.**

34.     Defendant breached his fiduciary capacity by failing to pay Quality Air out of the sums received on the Challenge Mfg. Company project.

**ANSWER: Denied.**

35.     Defendant, as trustee, retained or used the funds received on the Challenge Mfg. Company project, or a part thereof, for purposes other than paying Quality Air.  This misappropriation of the trust funds is evidence of intent to defraud.

**ANSWER: Denied.**

36.     Defendant has failed to render an accounting of the funds received on the Challenge Mfg. Company project.

**ANSWER: Denied.**

37.     Defendant's actions in violating the Michigan Builders Trust Fund Act make Quality Air's debt non-dischargeable under 28 U.S.C. 523 (a)(4).

**ANSWER: Denied.**

WHEREFORE, George Holmes requests that this Court enter a judgment in his favor and denying Plaintiff's requested relief.

## COUNT III – GALLAGHER INDUSTRIAL LAUNDRY

38.    Quality Air realleges and incorporates by reference the allegations contained in paragraphs 1 through 9 above.

**ANSWER: Defendant reaffirms its ANSWERS to the above preceding allegations in Paragraphs 24-37.**

39.    Quality Air provided HVAC labor and materials to Lamar for the construction project known as Gallagher Industrial Laundry located in Calhoun County, MI.

**ANSWER: Neither admitted nor denied on the basis that Defendant does not have sufficient knowledge or information to form a conclusion regarding the validity of this statement.**

40.    Lamar has received payment for the Gallagher Industrial Laundry project from the owner.

**ANSWER: Neither admitted nor denied on the basis that Defendant does not have sufficient knowledge or information to form a conclusion regarding the validity of this statement.**

41.    In spite of repeated demands for payment in the amount of $16,127.30 and recording a claim of lien, Quality Air has not been paid the full amount due and owing to it for the HVAC labor and materials provided for the Gallagher Industrial Laundry project.

**ANSWER: Neither admitted nor denied on the basis that Defendant does not have sufficient knowledge or information to form a conclusion regarding the validity of this statement.**

42.    Quality Air and George D. Holmes are each persons within the meaning of the Michigan Builders Trust Fund Act as stated in MCL 570.151 et seq.; MS 26.331 et seq.

**ANSWER: Paragraph 42 states a legal conclusion and Defendant neither admits nor denies the allegations on the basis that Defendant does not have sufficient knowledge or information to form a conclusion regarding the validity of this statement.**

43.    Quality Air is a party intended to be protected under the Michigan Builders Trust Fund Act within the meaning of that statute.

**ANSWER: Neither admitted nor denied on the basis that Defendant does not have sufficient knowledge or information to form a conclusion regarding the validity of this statement.**

44.    The payment received by Lamar on the Gallagher Industrial Laundry project was imposed with a trust, pursuant to the Michigan Builders Trust Fund Act, for the benefit of Quality Air.

**ANSWER: Neither admitted nor denied on the basis that Defendant does not have sufficient knowledge or information to form a conclusion regarding the validity of this statement.**

45.    Defendant was an owner, director and officer of Lamar and was the individual in ultimate charge of the financial affairs of Lamar and as such was the individual responsible for insuring that the amounts paid to Lamar for the benefit of subcontractors such as Quality Air were paid to those subcontractors.

**ANSWER: Admitted that Defendant was an owner, officer and director of Lamar. However, Defendant denies the remainder of the statements in this claim on the basis that the statements are untrue.**

46.    Defendant was a trustee of the money received for the HVAC labor and materials provided to the Gallagher Industrial Laundry project.

**ANSWER: Denied.**

47.    As trustee, Defendant was required to protect Quality Air and to pay Quality Air out of any and all sums received on the Gallagher Industrial Laundry project.

**ANSWER: Denied.**

48.    Defendant breached his fiduciary capacity by failing to pay Quality Air out of the sums received on the Gallagher Industrial Laundry project.

**ANSWER: Denied.**

49.    Defendant, as trustee, retained or used the funds received on the Gallagher Industrial Laundry project, or a part thereof, for purposes other than paying Quality Air.  This misappropriation of the trust funds is evidence of intent to defraud.

13

**ANSWER: Denied.**

50.    Defendant has failed to render an accounting of the funds received on the Gallagher Industrial Laundry project.

**ANSWER: Denied.**

51.    Defendant's actions in violating the Michigan Builders Trust Fund Act make Quality Air's debt non-dischargeable under 28 U.S.C. 523 (a)(4).

**ANSWER: Denied.**

WHEREFORE, George Holmes requests that this Court enter a judgment in his favor and denying Plaintiff's requested relief.

## COUNT IV – INTEGRATED PACKAGING MACHINERY, LLC/LAMAL INVESTMENTS, LLC

52.    Quality Air realleges and incorporates by reference the allegations contained in paragraphs 1 through 9 above.

**ANSWER: Defendant reaffirms its ANSWERS to the above preceding allegations in Paragraphs 38-51.**

53.    Quality Air provided HVAC labor and materials to Lamar for the construction project known as Integrated Packaging Machinery, LLC/Lamal Investments, LLC located in Kent County, Michigan.

14

**ANSWER: Neither admitted nor denied on the basis that Defendant does not have sufficient knowledge or information to form a conclusion regarding the validity of this statement.**

54.    Lamar has received payment for the Integrated Packaging Machinery, LLC/Lamal Investments, LLC project from the owner.

**ANSWER: Neither admitted nor denied on the basis that Defendant does not have sufficient knowledge or information to form a conclusion regarding the validity of this statement.**

55.    In spite of repeated demands for payment in the amount of $95,354.90 and recording a claim of lien, Quality Air has not been paid the full amount due and owing to it for the HVAC labor and materials provided for the Integrated Packaging Machinery, LLC/Lamal Investments, LLC project.

**ANSWER: Denied.**

56.    Quality Air and George D. Holmes are each persons within the meaning of the Michigan Builders Trust Fund Act as stated in  MCL 570.151 et seq.; MS 26.331 et seq.

**ANSWER:  Paragraph 56 states a legal conclusion and Defendant neither admits nor denies the allegations on the basis that Defendant does not have sufficient knowledge or information to form a conclusion regarding the validity of this statement.**

15

57.    Quality Air is a party intended to be protected under the Michigan Builders Trust Fund Act within the meaning of that statute.

**ANSWER: Neither admitted nor denied on the basis that Defendant does not have sufficient knowledge or information to form a conclusion regarding the validity of this statement.**

58.    The payment received by Lamar on the Integrated Packaging Machinery, LLC/Lamal Investments, LLC project was imposed with a trust, pursuant to the Michigan Builders Trust Fund Act, for the benefit of Quality Air.

**ANSWER: Neither admitted nor denied on the basis that Defendant does not have sufficient knowledge or information to form a conclusion regarding the validity of this statement.**

59.    Defendant was an owner, director and officer of Lamar and was the individual in ultimate charge of the financial affairs of Lamar and as such was the individual responsible for insuring that the amounts paid to Lamar for the benefit of subcontractors such as Quality Air were paid to those subcontractors.

**ANSWER: Admitted that Defendant was an owner, officer and director of Lamar. However, Defendant denies the remainder of the statements in this claim on the basis that the statements are untrue.**

60.    Defendant was a trustee of the money received for the HVAC labor and materials provided to the Integrated Packaging Machinery, LLC/Lamal Investments, LLC project.

**ANSWER: Denied.**

61.    As trustee, Defendant was required to protect Quality Air and to pay Quality Air out of any and all sums received on the Integrated Packaging Machinery, LLC/Lamal Investments, LLC project.

**ANSWER: Denied.**

62.    Defendant breached his fiduciary capacity by failing to pay Quality Air out of the sums received on the Integrated Packaging Machinery, LLC/Lamal Investments, LLC project.

**ANSWER: Denied.**

63.    Defendant, as trustee, retained or used the funds received on the Integrated Packaging Machinery, LLC/Lamal Investments, LLC project, or a part thereof, for purposes other than paying Quality Air.  This misappropriation of the trust funds is evidence of intent to defraud.

**ANSWER: Denied.**

64.    Defendant has failed to render an accounting of the funds received on the Integrated Packaging Machinery, LLC/Lamal Investments, LLC project.

**ANSWER: Denied.**

65.    Defendant's actions in violating the Michigan Builders Trust Fund Act make Quality Air's debt non-dischargeable under 28 U.S.C. 523 (a)(4).

**ANSWER: Denied.**

WHEREFORE, George Holmes requests that this Court enter a judgment in his favor and denying Plaintiff's requested relief.

## COUNT V – ROYAL TECHNOLOGIES, HIGHLAND

66.    Quality Air realleges and incorporates by reference the allegations contained in paragraphs 1 through 9 above.

**ANSWER: Defendant reaffirms its ANSWERS to the above preceding allegations in Paragraphs 52-65.**

67.    Quality Air provided HVAC labor and materials to Lamar for the construction project known as Royal Technologies, Highland.

**ANSWER: Neither admitted nor denied on the basis that Defendant does not have sufficient knowledge or information to form a conclusion regarding the validity of this statement.**

68.    Lamar has received payment on the Royal Technologies, Highland project from the owner.

**ANSWER: Neither admitted nor denied on the basis that Defendant does not have sufficient knowledge or information to form a conclusion regarding the validity of this statement.**

18

69.    In spite of repeated demands for payment in the amount of $1,334, Quality Air has not been paid the full amount due and owing to it for the HVAC labor and materials provided for the Royal Technologies, Highland project.

**ANSWER: Denied.**

70.    Quality Air and George D. Holmes are each persons within the meaning of the Michigan Builders Trust Fund Act as stated in  MCL 570.151 et seq.; MS 26.331 et seq.

**ANSWER: Paragraph 70 states a legal conclusion and Defendant neither admits nor denies the allegations on the basis that Defendant does not have sufficient knowledge or information to form a conclusion regarding the validity of this statement.**

71.    Quality Air is a party intended to be protected under the Michigan Builders Trust Fund Act within the meaning of that statute.

**ANSWER: Neither admitted nor denied on the basis that Defendant does not have sufficient knowledge or information to form a conclusion regarding the validity of this statement.**

72.    The payment received by Lamar on the Royal Technologies, Highland project was imposed with a trust, pursuant to the Michigan Builders Trust Fund Act, for the benefit of Quality Air.

19

**ANSWER: Neither admitted nor denied on the basis that Defendant does not have sufficient knowledge or information to form a conclusion regarding the validity of this statement.**

73.    Defendant was an owner, director and officer of Lamar and was the individual in ultimate charge of the financial affairs of Lamar and as such was the individual responsible for insuring that the amounts paid to Lamar for the benefit of subcontractors such as Quality Air were paid to those subcontractors.

**ANSWER: Admitted that Defendant was an owner, officer and director of Lamar. However, Defendant denies the remainder of the statements in this claim on the basis that the statements are untrue.**

74.    Defendant was a trustee of the money received for the HVAC labor and materials provided to the Royal Technologies, Highland project.

**ANSWER: Denied.**

75.    As trustee, Defendant was required to protect Quality Air and to pay Quality Air out of any and all sums received on the Royal Technologies, Highland project.

**ANSWER: Denied.**

76.    Defendant breached his fiduciary capacity by failing to pay Quality Air out of the sums received on the Royal Technologies, Highland project.

**ANSWER: Denied.**

20

77.     Defendant, as trustee, retained or used the funds received on the Royal Technologies, Highland project, or a part thereof, for purposes other than paying Quality Air.  This misappropriation of the trust funds is evidence of intent to defraud.

**ANSWER: Denied.**


78.     Defendant has failed to render an accounting of the funds received on the Royal Technologies, Highland project.

**ANSWER: Denied.**


79.     Defendant's actions in violating the Michigan Builders Trust Fund Act make Quality Air's debt non-dischargeable under 28 U.S.C. 523 (a)(4).

**ANSWER: Denied.**


WHEREFORE, George Holmes requests that this Court enter a judgment in his favor and denying Plaintiff's requested relief.


## COUNT VI – NORTHPOINTE BANK

80.     Quality Air realleges and incorporates by reference the allegations contained in paragraphs 1 through 9 above.

**ANSWER: Defendant reaffirms its ANSWERS to the above preceding allegations in Paragraphs 66-79.**

81.    Quality Air provided HVAC labor and materials to Lamar for the construction project known as Northpointe Bank located at 3333 Deposit Dr., NE, Grand Rapids, Michigan.

**ANSWER: Neither admitted nor denied on the basis that Defendant does not have sufficient knowledge or information to form a conclusion regarding the validity of this statement.**

82.    Lamar has received payment for the Northointe Bank project from the owner.

**ANSWER: Neither admitted nor denied on the basis that Defendant does not have sufficient knowledge or information to form a conclusion regarding the validity of this statement.**

83.    In spite of repeated demands for payment in the amount of $1,149.80, Quality Air has not been paid the full amount due and owing to it for the HVAC labor and materials provided for the Northpointe Bank project.

**ANSWER: Denied.**

84.    Quality Air and George D. Holmes are each persons within the meaning of the Michigan Builders Trust Fund Act as stated in  MCL 570.151 et seq.; MS 26.331 et seq.

**ANSWER: Paragraph 84 states a legal conclusion and Defendant neither admits nor denies the allegations on the basis that Defendant does not have sufficient**

**knowledge or information to form a conclusion regarding the validity of this statement.**

85.    Quality Air is a party intended to be protected under the Michigan Builders Trust Fund Act within the meaning of that statute.

**ANSWER: Neither admitted nor denied on the basis that Defendant does not have sufficient knowledge or information to form a conclusion regarding the validity of this statement.**

86.    The payment received by Lamar on the Northpointe Bank project was imposed with a trust, pursuant to the Michigan Builders Trust Fund Act, for the benefit of Quality Air.

**ANSWER: Neither admitted nor denied on the basis that Defendant does not have sufficient knowledge or information to form a conclusion regarding the validity of this statement.**

87.    Defendant was an owner, director and officer of Lamar and was the individual in ultimate charge of the financial affairs of Lamar and as such was the individual responsible for insuring that the amounts paid to Lamar for the benefit of subcontractors such as Quality Air were paid to those subcontractors.

**ANSWER: Admitted that Defendant was an owner, officer and director of Lamar. However, Defendant denies the remainder of the statements in this claim on the basis that the statements are untrue.**

88.     Defendant was a trustee of the money received for the HVAC labor and materials provided to the Northpointe Bank project.

**ANSWER: Denied.**


89.     As trustee, Defendant was required to protect Quality Air and to pay Quality Air out of any and all sums received on the Northpointe Bank project.

**ANSWER: Denied.**

90.     Defendant breached his fiduciary capacity by failing to pay Quality Air out of the sums received on the Northpointe Bank project.

**ANSWER: Denied.**


91.     Defendant, as trustee, retained or used the funds received on the Northpointe Bank project, or a part thereof, for purposes other than paying Quality Air. This misappropriation of the trust funds is evidence of intent to defraud.

**ANSWER: Denied.**


92.     Defendant has failed to render an accounting of the funds received on the Northepointe Bank project.

**ANSWER: Denied.**


93.     Defendant's actions in violating the Michigan Builders Trust Fund Act make Quality Air's debt non-dischargeable under 28 U.S.C. 523 (a)(4).

**ANSWER: Denied.**

WHEREFORE, George Holmes requests that this Court enter a judgment in his favor and denying Plaintiff's requested relief.

Dated:  September 19, 2014

.

KELLER & ALMASSIAN, PLC
ATTORNEYS FOR DEFENDANT
GEORGE HOLMES

/s/ Michael D. Almassian
Michael D. Almassian (P61478)
KELLER & ALMASSIAN, PLC.
2810 East Beltline Avenue NE
Grand Rapids, MI  49525
(616) 459-6100

## DEFENDANT GEORGE D. HOLMES' SPECIAL AND/OR AFFIRMATIVE DEFENSES

Defendant has undertaken in good faith to identify all of the special and/or affirmative defenses that it may have with respect to Plaintiff's claims.  However, given the lack of specificity of Plaintiff's allegations, Defendant reserves the right to reevaluate, restate and/or delete any defenses and/or to assert additional defenses as it deems appropriate.

1.  Plaintiff's claims are barred in whole or in part by payment.

2.  Plaintiff's claims are barred in whole or in part by waiver and/or equitable estoppel.

3.  Plaintiff's claims are barred in whole or in part because no fiduciary relationship sufficient to satisfy 28 USC 523(a)(4) existed between the parties.

4.  Plaintiff's claims are barred in whole or in part by unclean hands.

25

5.     Plaintiff's claims are barred in whole or in part by release, satisfaction, or fraud.

6.     Plaintiff's claims are barred in whole or in part by Plaintiff's election of remedies.

7.     Plaintiff's claims are barred in whole or in part by Plaintiff's failure to mitigate its damages.

Respectfully submitted,

KELLER & ALMASSIAN, PLC.
Attorneys for Defendant

Dated: September 19, 2014

/s/ Michael D. Almassian
Michael D. Almassian (P61478)
2810 East Beltline Lane NE
Grand Rapids, MI 49525
(616) 364-2100

# UNITED STATES BANKRUPTCY COURT

## WESTERN DISTRICT OF MICHIGAN

In re:

      **GEORGE D. HOLMES,**

          **Debtor.**

———————————————————/

**QUALITY AIR HEATING & COOLING, INC.,**

      **Plaintiff,**

v

**GEORGE D. HOLMES,**

      **Defendant.**

Case No. 14-04833-jwb
Chapter 7
Hon. James W. Boyd
U.S. Bankruptcy Judge

Adversary Proceeding No.

---

| | |
|---|---|
| Daniel J. Slotsema   P-32486<br>VERSPOOR, WAALKES, LALLEY<br>SLOTSEMA & TALEN, P.C.<br>Attorneys for Plaintiff<br>40 Pearl St. NW, Suite 1020<br>Grand Rapids, MI  49503-3033<br>616-459-6100 | Michael D. Almassian (P61478)<br>KELLER & ALMASSIAN, PLC<br>Attorneys for Defendant<br>2810 East Beltline Avenue NE<br>Grand Rapids, MI 49525<br>(616) 364-2100 |

---

## PROOF OF SERVICE

STATE OF MICHIGAN    )
                     ) ss.
COUNTY OF KENT     )

*KRYSTAL L. WISEMAN, ALP*, being first duly sworn, deposes and says that she is employed by the law firm of KELLER & ALMASSIAN, PLC, of 2810 East Beltline Lane, NE, Grand Rapids, Michigan 49525, attorney for the above-captioned Plaintiff, and that on September 19, 2014, she served a true copy of:

**DEFENDANT GEORGE D. HOLMES' ANSWER TO PLAINTIFF'S COMPLAINT TO DETERMINE DISCHARGEABILITY OF INDEBTEDNESS  PURSUANT TO U.S.C. 11 §523 (a)(4)**

upon:

Daniel J. Slotsema
VERSPOOR, WAALKES, LALLEY
SLOTSEMA & TALEN, P.C.
40 Pearl St. NW, Suite 1020
Grand Rapids, MI  49503-3033
(616)-459-6100

via **electronic CM/ECF case filing**.

SUBSCRIBED AND SWORN TO before me this 19th day of September, 2014.

*Krystal L. Wiseman*, ALP
Certified Litigation Paralegal
KELLER & ALMASSIAN, PLC.
2810 East Beltline Lane NE
Grand Rapids, MI 49525

Paula A. Jordan
Notary Public, Kent County, MI
Acting in Kent County, MI
My commission expires:  03/13/2018